UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| Carver Maritime, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 2:24-cv-03419-DCN |
| ) | |
| M/V MSC MICHIGAN VII, IMO 9196864, ) | |
| her engines, boilers, tackle, appurtenances, ) | |
| etc., *in rem*, and MSC Shipmanagement, ) | |
| Ltd. and Kyveli Oceanway, Ltd., *in* ) | |
| *personam*, ) | |
| ) | |
| Defendants. ) | |
| ) | (NON-JURY) |

PLAINTIFF'S VERIFIED COMPLAINT

COMES NOW Carver Maritime, LLC ("Carver Maritime"), Plaintiff in the above-captioned action, and, complaining of Defendants M/V MICHIGAN VII (IMO 9196864) (the "Vessel"), MSC Shipmanagement, Ltd., and Kyveli Oceanway, Ltd. (collectively "Defendants"), shows this Honorable Court the following:

JURISDICTION

1. This is case of maritime negligence causing damage to Plaintiff's pier and property arising out of the Defendants' failure to properly maintain the Vessel and the containership M/V MICHIGAN VII's subsequent uncontrolled departure from the Port of Charleston on June 5, 2024 (the "Incident").

2. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and a maritime tort claim within the admiralty tort jurisdiction of

1

this Honorable Court. Plaintiff invokes the original admiralty jurisdiction of this Honorable Court pursuant to 28 U.S.C. § 1333(1).

3. This case is governed by Rule C of Supplemental Rules, the General Maritime Law of the United States, and laws supplemental thereto and amendatory thereof.

4. At all material times, the Vessel was and is in navigation upon the navigable waters of the United States, and venue is proper because the Vessel is presently within the Charleston Division of the District of South Carolina.

5. Carver Maritime is a foreign limited liability corporation organized and existing by virtue of the laws of the State of New York with its principal place of business at 1400 Pierside Street, Suite D, in North Charleston, South Carolina.

6. Upon information and belief and at all times material, the Vessel ISM Manager and operator was MSC Shipmanagement, Ltd. ("MSC"), a foreign limited company with an address of MSC House, 8, Spyrou Kyprianou Avenue, 3070 Limassol, Cyprus.

7. Upon information and belief and at all times material, the Vessel owner was Kyveli Oceanway, Ltd., a foreign limited company with an address of c/o MSC Shipmanagement Ltd., MSC House, 8, Spyrou Kyprianou Avenue, 3070 Limassol, Cyprus.

FACTS

8. On or about June 5, 2024, the Vessel departed from the North Charleston Terminal outbound in the Cooper River at the Port of Charleston.

9. After the Vessel departed the terminal, it commenced its outbound transit and shortly thereafter began operating "Full Ahead".

2

10. The Vessel traveled past Plaintiff's pier in the Cooper River, "Pier J", at a forward speed of over 15 knots, which was far in excess of a safe speed for that section of the Cooper River under the circumstances.

11. At all times material, the M/V NORWAY PEARL was properly moored at Pier J and was undergoing cargo operations.

12. As the Vessel sped past Pier J, it displaced a tremendous amount of water and generated a very large wake. The Vessel's excessive speed adjacent to Pier J caused the water level to drop considerably in a very short amount of time, sucked the NORWAY PEARL away from the pier until all of its mooring lines became extremely taut, and then forced it back violently into Pier J causing substantial damage to Pier J and its components.

FOR A FIRST CAUSE OF ACTION
(Negligence and/or Gross Negligence – Failure to Maintain a Safe Speed)

13. Plaintiff restates the above allegations as if set forth herein verbatim.

14. Defendants had a duty to ensure that the Vessel traveled at a safe speed within the confines of the Cooper River and Charleston Harbor to prevent damage to lives and property on the facilities and vessels adjacent to the Vessel's path.

15. Defendants materially breached their duty in one or more of the following respects:

    a. in failing to maintain a safe speed;

    b. in failing to comply with Rule 6 of the COLREGS;[1]

    c. in failing to operate the Vessel safely under the circumstances;

    d. in failing to maintain the Vessel and/or the Vessel's propulsion system in safe and proper working order;

---

[1] Convention on the International Regulations for Preventing Collisions at Sea ("COLREGS"), otherwise known as the "Rules of the Road", sets the rules of compliance for vessels transiting on the inland waters of the United States.

3

e. in navigating too close to Pier J under the circumstances;

f. in failing to provide a reasonable machinery maintenance schedule;

g. in failing to ensure reasonable maintenance was performed as required in the operation of a containership;

h. in failing to properly inspect the Vessel's machinery;

i. in creating an unreasonably dangerous condition;

j. in acting with reckless disregard in failing to perform routine maintenance to prevent catastrophic damage;

k. in failing to use safer methods;

l. in failing to do those things that a prudent mariner would do under like circumstances;

m. in failing to exercise due care under the circumstances; and

n. in such other acts and/or omissions or breaches of duty which may come to light during discovery, or which may be proven at trial.

16. As a direct and proximate result of Defendants' negligence and/or gross negligence, Carver Maritime's property, including, but not limited to, Pier J, has been damaged, and Carver Maritime will incur significant expense in repairing the damage and will incur additional expenses, including, but not limited to, inspections, surveys, slip dredging expenses, repair costs to other property, and other expenses that may be discovered as additional damage inspections occur.

17. Defendants' negligent acts and omissions give rise to a maritime tort lien in favor of Plaintiff against the Vessel.

18. Plaintiff is seeking arrest of and maritime lien enforcement against the Vessel under Rule C of the Supplemental Admiralty Rules.

19. As a direct and proximate result of Defendants' negligence and/or gross negligence, Carver Maritime is entitled to a full award of damages in an amount sufficient to compensate for the losses stated above, including without limitation actual damages, *in custodia legis* expenses, consequential and special damages, attorneys' fees as may be appropriate under the circumstances, costs of this litigation, pre-judgment interest, and punitive damages as may be proven at trial.

## PLAINTIFF'S PRAYER

WHEREFORE, by reasons of the foregoing, Plaintiff prays that summons issue to all Defendants herein; that the Defendants be made to appear and answer the aforesaid matters; that process in due form of law according to the practice of this Court in cases of Admiralty and Maritime Jurisdiction issue against Defendant Vessel, her engine, boilers, tackle, appurtenances, etc., and against the *in personam* Defendants, that judgment be rendered for Plaintiff and against Defendants in an amount as may be proven at trial or which justice may require, for all actual, consequential, special, and punitive damages, attorneys' fees as may be appropriate, costs of this litigation, *in custodia legis* expenses, and prejudgment interest; that Plaintiff's maritime lien be declared a first priority lien against the Defendant Vessel; that Defendant Vessel, her tackle, appurtenances, and apparel, etc., be sold by the United States Marshal for this District at public sale and that the proceeds of the sale be applied first to satisfy *in custodia legis* expenses and that the balance be applied to satisfy Plaintiff's maritime lien; and that this Court award any other amount and grant any other relief which may be proved or that justice may require.

[SIGNATURE PAGE FOLLOWING]

**RESPECTFULLY SUBMITTED BY:**

COOPER & BILBREY, P.C.

By: s/ Albert G. Bilbrey, Jr.
ALBERT G. BILBREY, JR., ESQUIRE
    Federal Court ID 12938
    South Carolina Bar 103799
    aj@jhcooper.com
JOHN HUGHES COOPER, ESQUIRE
    Federal Court ID 298
    South Carolina Bar 1387
    State Bar of Georgia 185986
    shiplaw@jhcooper.com
JOHN TOWNSEND COOPER, ESQUIRE
    Federal Court ID 10172
    South Carolina Bar 76087
    jtc@jhcooper.com
PO BOX 22513
Charleston, SC 29413
O 843-883-9099; F 843-883-9335

*Attorneys for Plaintiff,*
*Carver Maritime, LLC*

June 9, 2024
Charleston, South Carolina

V E R I F I C A T I O N

PERSONALLY APPEARED David McCord Smythe, Jr., who, under penalty of perjury, deposes, and says:

a) My name is David McCord Smythe, Jr., and I am the Sales and Business Development Manager and Port Captain at Carver Maritime, LLC.

b) I am over 18, of sound mind, and a resident of the State of South Carolina.

c) I have read the foregoing PLAINTIFF'S VERIFIED COMPLAINT and know the contents thereof and the same are true and correct to the best of my knowledge, except as to matters therein stated to be on information and belief, and as to those matters, I believe them to be true.

d) The sources of my information and the grounds of my belief are, my personal knowledge and documents in my possession.

e) The above statements are true and correct under penalty of perjury.

CARVER MARITIME, LLC

_____          June 9, 2024_____
David McCord Smythe, Jr.                  Date
Sales and Business Development Manager
Port Captain