IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| Carver Maritime, LLC, ) | Civil Action No. 2:24-cv-3419-DCN |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ANSWER OF** |
| M/V MSC MICHIGAN VII, IMO ) | **KYVELI OCEANWAY, LTD. and MSC** |
| 9196864, and her engines, boilers, tackle, ) | **SHIPMANAGEMENT, LTD.** |
| appurtenances, etc., *in rem*, and ) | |
| MSC Shipmanagement, Ltd. and Kyveli ) | |
| Oceanway, Ltd., *in personam*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Kyveli Oceanway Limited ("Kyveli")[1] and MSC Shipmanagement, Ltd. ("MSC Shipmanagement") (collectively "Defendants") answer the Plaintiff's Verified Complaint ("Complaint") as follows:

1.      All allegations in the Plaintiff's Complaint not expressly admitted herein are denied.

2.      Defendants deny paragraph 1 of the Complaint.

3.      Paragraphs 2 and 3 of the Complaint require no response.

4.      Defendants admit paragraph 4 and 5 of the Complaint upon information and belief.

5.      Defendants admit paragraphs 6, 7 and 8 of the Complaint.

6.      Defendants deny paragraph 9 of the Complaint.

---

[1] Kyveli previously filed an answer (ECF 18) in its capacity as owner of the MSC MICHIGAN VII, which had been served with *in rem* process. Kyveli had not, however, been served *in personam* as of that time.

7.      Answering paragraph 10 of the Complaint, Defendants lack information sufficient to form a belief as to whether the speed of the MSC MICHIGAN VII (the "Vessel") exceeded 15 knots as it passed the Plaintiff's facility but admit upon information and belief that the Vessel's speed was greater than that recommended by the Vessel's compulsory pilot and ordered on the engine order telegraph.

8.      Defendants deny paragraph 11 of the Complaint.

9.      Defendants lack information sufficient to form a belief as to paragraph 12 of the Complaint.

AS TO THE FIRST CAUSE OF ACTION

10.     Defendants restate their answers to the allegations incorporated in paragraph 13 of the Complaint.

11.     Paragraph 14 of the Complaint purports to state a legal duty and contains no factual averments which Defendants are required to admit or deny.

12.     Defendants deny paragraphs 15, 16 and 17 and all subparts thereof.

13.     Paragraph 18 of the Complaint requires no response.

14.     Defendants deny paragraph 19 of the Complaint.

AS ADDITIONAL DEFENSES UNDER FED. R. CIV. PROC. 12(B)

15.     Kyveli and/or MSC Shipmanagement are not subject to personal jurisdiction in this District; therefore the Complaint should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

16.     Plaintiff's claim for punitive damages should be dismissed or struck as to the *in rem* claim, pursuant to Rules 12(b)(6) and/or 12(f) of the Federal Rules of Civil Procedure, because maritime law does not recognize a maritime lien for punitive damages, and because the Complaint

contains no specific allegation that Kyveli and/or MSC Shipmanagement engaged in any conduct that would support the imposition of punitive damages under maritime law.

FURTHER AND AFFIRMATIVELY, AND AS AFFIRMATIVE DEFENSES

17.    The lines of the NORWAY PEARL were visibly slack at her mooring at Pier Juliet, apparently due to her crew's inattention to a change in tide conditions and/or vessel draft during cargo operations, with the result that she was pulled well away from the quay by suction as the Vessel approached, only to strike the quay forcefully after she was pushed back by the Vessel's wake.

18.    Pier Juliet faces a narrow and heavily used waterway in which deep-draft vessels must occasionally maneuver at higher than normal speeds, or may experience emergencies involving loss of steering or engine speed control. It is therefore critical that the mooring lines for commercial vessels moored at terminals facing the channel be properly tended at all times.

19.    Upon information and belief, had the NORWAY PEARL's lines been properly tended, neither she nor the pier would have been significantly damaged by the Vessel's passage.

AS A FIRST AFFIRMATIVE DEFENSE<br>(Intervening or Supervening Negligence)

20.    The failure of the NORWAY PEARL to tend her lines properly constitutes and intervening or supervening act of negligence and is the sole proximate cause of the damages alleged by the Plaintiff.

AS A SECOND AFFIRMATIVE DEFENSE<br>(Comparative Negligence)

21.    In addition, Plaintiff had a duty of its own to exercise reasonable care to ensure that vessels berthed at Pier Juliet were properly moored, with lines properly adjusted for changing tide conditions and vessel draft. Plaintiff's failure to ensure that NORWAY PEARL was properly

moored constituted an act of comparative negligence by Plaintiff and requires that any liability on the part of Defendants be discounted in proportion to that negligence.

AS A THIRD AFFIRMATIVE DEFENSE
(Sudden Emergency)

22.     The Vessel's maneuvers at and around the time of the Incident, as that term is used in the Complaint, were in response to a sudden and unforeseeable emergency, in that the Vessel lost bridge and engine room control over the revolutions of her main engine in a location where it would not have been safe or prudent to order an emergency engine stop; and her navigation and operation was proper under the circumstances of said emergency.

AS A FOURTH AFFIRMATIVE DEFENSE
(Limitation of Liability)

23.     Kyveli, as the owner of the Vessel as the same was arrested herein, continues to reserve the right to exoneration or limitation of liability for any damage to property, damage to vessels and/or other loss or destruction resulting from the Incident, pursuant to the Limitation of Liability Act codified at 46 U.S.C. §§ 30501-30512 and the various rules and statutes supplemental thereto and amendatory thereof.

AS A FIFTH AFFIRMATIVE DEFENSE
(Mitigation of Damages)

24.     Plaintiff has a legal obligation to mitigate damages. While it appears that the extent of Plaintiff's damages has not yet been ascertained, nor have the Defendants had any opportunity for discovery on the issue of damages, Defendants give notice of their intention to raise, if appropriate, the issue of mitigation of damages, so as to avoid any claim of surprise or prejudice; and they reserve the right to amend this defense to allege further particulars as they may appear in the course of discovery.

WHEREFORE, having answered the Plaintiff's , Defendants Kyveli Oceanway, Ltd. and MSC Shipmanagement, Ltd. pray that the same be dismissed in whole or in part; and that, if the claim is not dismissed, that judgment be entered in their favor; and in the alternative, that the amount of any judgment against them be adjusted in proportion to the Plaintiff's fault as determined by the Court. And Defendants pray for such other and further relief as may be just and equitable.

HINES & GILSENAN LLC

/s/ Julius H. Hines
Ryan Gilsenan, Fed. ID No. 9837
Julius H. Hines, Fed. ID No. 5807
Edward "Jay" Smith, Fed. ID No. 13429
1535 Hobby Street, Suite 203D
Charleston Navy Yard
North Charleston, South Carolina 29405
T: 843-266-7577
E:  Gilsenan@hinesandgilsenan.com
E:  Hines@hinesandgilsenan.com
E:  Smith@hinesandgilsenan.com


*Attorneys for Kyveli Oceanway Limited and MSC Shipmanagement, Ltd.*

August 19, 2024
Charleston, South Carolina